**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| BARBARA COX, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | |
| ) | |
| THE MADISON ASSISTED LIVING, ) | JURY TRIAL DEMANDED |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT AND JURY DEMAND**

**I.    Introduction**

1. The Plaintiff, Barbara Cox ("Plaintiff") brings this action for redress for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), 42 USC §1981 and 42 USC §1981a against Madison Assisted Living, her former employer.

**II.    Jurisdiction, Venue, and Administrative Prerequisites**

2. This Court has jurisdiction over this matter pursuant to 28 USC §§1331, 1343, 2201 and 2202.

3. Venue is proper in the Middle District of Georgia under 28 U.S.C. §1391(b).

4. Plaintiff has exhausted her administrative remedies and has fulfilled all conditions precedent to this action as required by Title VII.

5. Plaintiff filed her EEOC Charge on March 13, 2024. (Attachment 1)

6. The EEOC issued her a Notice of Right to Sue on that Charge on November 7, 2024. (Attachment 2)

**III.    Parties**

7.    Plaintiff is an African American woman who is over nineteen years of age. Plaintiff is a citizen of the United States, is a resident of the state of Georgia, and during all times relevant to this action was an employee employed by Defendant in Madison, Georgia.

8.    Defendant Madison Assisted Living ("Defendant") is an employer subject to suit under Title VII and 42 USC §1981.

**IV.    Factual Allegations**

9.    Plaintiff was hired by Defendant on or around February 12, 2023, as a Care Partner.

10.    Plaintiff is African American.

11.    Plaintiff's supervisor was Becky Bernard, the Director, who is white.

12.    Plaintiff performed her job well.

13.    On February 12, 2024, Plaintiff was caring for a patient, who is white, with Care Partner Tara Greenspan, who is white.

14.    While putting away the patient's laundry, the patient call plaintiff the N-word.

15.    The patient called Plaintiff the N-word for a second time, and he started cursing at Plaintiff and told her to get out of his room.

16.    The patient told Plaintiff that if she didn't get out of his room, he would call the police.

17.    Plaintiff tried to reason with the Patient to let you him know she was only trying to take care of him, but the patient continued to get more upset and insisted she leave the room.

18.    Plaintiff called Bernard, her supervisor, and told her that the patient had called her the N-word twice, cursed at her and threatened to call the police on her if she did not leave the room, so she left the room in order to not further upset the patient.

19. Bernard told Plaintiff that if she did not help change him, she would be abandoning the patient; but the Plaintiff explained that the patient was not alone as Care Partner Greenspan remained in the room with the patient.

20. Bernard defended the patient's use of the "n" word by telling her own grandmother "used the N-word all the time."

21. And Bernard further seemingly indicated it was okay for Plaintiff to be subjected to the "n" word at work because she told Plaintiff that the patient had called another African American employee the N-word every day.

22. Plaintiff and Greenspan provided written statements stating that the patient called Plaintiff the N-word.

23. On February 13, 2024, the following day, Bernard messaged Plaintiff and said that Plaintiff did not need to come to work that night.

24. Plaintiff subsequently received a Separation Notice signed by Bernard stating Plaintiff had been terminated on February 13, 2024.

25. Defendant's position statement to the EEOC states that Defendant terminated Plaintiff due to her "poor work attitude, her being disrespectful to fellow staff members, and complaints from residents."

26. However, these alleged performance issues and complaints are false and a pretext for discrimination and/or retaliation.

27. Upon information and belief, other employees who are white or who have not complained about discrimination have left the presence of verbally abusive patients and they have not been similarly terminated.

28. In the alternative, even if Defendant had a legitimate reason for terminating Plaintiff, her African American race remained at least a motivating factor in the termination decision.

29. Defendant retaliated against Plaintiff for complaining of harassment and discrimination by terminating her.

## V. Causes of Action

### Count I: Race Discrimination in Violation of Title VII.

30. As stated in the above factual allegations, Defendant discriminated against Plaintiff on the basis of her race when it terminated her employment.

31. To the extent Defendant has articulated non-discriminatory reasons for terminating Plaintiff's employment, those reasons are a pretext for race discrimination. In the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating Plaintiff's employment, race was at least a motivating factor in that decision.

32. Defendant treated similarly situated white employees more favorably than it treated Plaintiff with respect to the adverse employment actions it took against her.

33. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

35. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### Count II: Race Discrimination in Violation of 42 USC §1981.

36.     As stated in the above factual allegations, Defendant discriminated against Plaintiff on the basis of her race when it terminated her employment.

37.     But for Plaintiff's race, Defendant would not have terminated her employment.

38.     Defendant treated similarly situated white employees more favorably than it treated Plaintiff with respect to the adverse employment actions it took against her.

39.     Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

40.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

41.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count III – Retaliation in Violation of Title VII.**

42.     Plaintiff engaged in protected activity when she reported the patient using the n-word to her supervisor Becky Bernard.

43.     Defendant engaged in materially adverse employment actions in response to Plaintiff's engagement in protected activity, culminating in the termination of Plaintiff's employment.

44.     But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions up to and including the termination of her employment.

45.     To the extent Defendant has articulated non-retaliatory reasons for terminating Plaintiff's employment, those reasons are a pretext for retaliation.

46. Defendant treated similarly situated employees who had not engaged in protected activity more favorably than it treated Plaintiff with respect to the adverse employment actions it took against her.

47. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

49. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### Count IV – Retaliation in Violation of 42 USC §1981.

50. Plaintiff engaged in protected activity when she reported the patient using the n-word to her supervisor Becky Bernard.

51. Defendant engaged in materially adverse employment actions in response to Plaintiff's engagement in protected activity, culminating in the termination of Plaintiff's employment.

52. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions up to and including the termination of her employment.

53. To the extent Defendant has articulated non-retaliatory reasons for terminating Plaintiff's employment, those reasons are a pretext for retaliation.

54. Defendant treated similarly situated employees who had not engaged in protected activity more favorably than it treated Plaintiff with respect to the adverse employment actions it took against her.

55.     Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

56.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

57.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.     Damages

58.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

59.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

60.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

## VII.    Prayer for Relief

61.     Plaintiff respectfully pray that this Court assume jurisdiction of this action and after trial:

62.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII and 42 USC Section 1981.

63. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII and 42 USC Section 1981.

64. Enter an Order requiring Defendant to make Plaintiff whole by reinstating her to the position and salary level she would have occupied absent illegal discrimination and retaliation, and awarding her backpay (plus interest), frontpay if reinstatement as described above is not possible, lost wages (plus interest), compensatory damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment pursuant to Title VII and Section 1981.

65. Plaintiff prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees and expenses pursuant to 42 USC §1988.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

**/s/ Thomas J. Mew IV**
Thomas J Mew IV
Buckley Bala Wilson Mew LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
404-781-1100 (main)
404-920-0348 (direct)
tmew@bbwmlaw.com


/s/ Christina Malmat
Jon C. Goldfarb (pro hac vice admission pending)
L. William Smith (pro hac vice admission pending)
Christina Malmat (pro hac vice admission pending)
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.

8

301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff